**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SCOTT SZILAGYI,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-5691** |
| | : | |
| **SANDY FOSTER MCCLURE,** *et al.*, | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**RUFE, J.**                                                          **MARCH 12, 2021**

Plaintiff Scott Szilagyi filed this civil rights action pursuant to 42 U.S.C. § 1983 against the following Defendants: Sandy Foster McClure (identified in the Complaint as an "Assistant District Attorney"), Robert Shupp, III (identified as the "Chief of Police, Hellertown Police Dept."), and Nicholas Szmodis (identified as an "Officer, Hellertown Police Dept."). (ECF No. 1 at 2.)[1] Szilagyi seeks to proceed *in forma pauperis*. (ECF No. 5.) For the following reasons, the Court will grant Szilagyi leave to proceed *in forma pauperis* and dismiss his complaint.

**I.      FACTUAL ALLEGATIONS**

Szilagyi avers that the Defendants "acted in concert to cause an illegal D.U.I. for profit scam . . . to both unjustly enrich the County and raise their own status in both their jobs [and] communities." (ECF No. 1 at 5-6.) He asserts that ADA McClure encouraged Chief Shupp to secure arrests for driving under the influence ("DUI") by "illegal means" of "laying [sic] in wait," "entrapment," or through the use of "unregistered confidential informants." (*Id.*) Szilagyi further avers that the informants, "who either worked at or staked out local drinking establishments," would contact Officer Szmodis who would, in turn, conduct "illegal traffic

_____

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

stops" and "illegal field sobriety testing." (*Id.*) Szilagyi further avers that ADA McClure denied him a fair trial by refusing to release "discovery materials that prove out these allegations." (*Id.* at 6.)

Szilagyi seeks a "federal criminal investigation" of the total number of DUI related stops and arrests involving the Hellertown Police Department. (*Id.* at 5.) He also requests that the Court "oversee the reversal of wrongful convictions" that have been achieved by the "gross and willful deprivation" of civil rights. (*Id.*)

A review of public records indicates that Szilagyi was arrested by Officer Szmodis on March 23, 2017 for various motor vehicle infractions, including driving under the influence of alcohol or controlled substance. *See Commonwealth v. Szilagyi*, CP-48-CR-2179-2017 (C.C.P. Northampton). On July 12, 2018, following a bench trial before the Honorable Anthony S. Beltrami, Szilagyi was convicted of his second DUI offense, as well as other motor vehicle violations. (*Id.*) On October 26, 2018, Szilagyi was sentenced to a term of imprisonment of three to six months. (*Id.*) This conviction has not been vacated or invalidated. (*Id.*)

## II. STANDARD OF REVIEW

The Court grants Szilagyi leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted).   Conclusory allegations do not suffice.  *Id.*  The Court may also consider matters of public record.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  As Szilagyi is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## II.    DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.    The Relief Sought by Szilagyi Is Not Cognizable

In the first instance, Szilagyi seeks a "federal criminal investigation" into the total number of DUI related stops and arrests involving the Hellertown Police Department.  (ECF No. 1 at 5.)  He further requests that the Court "oversee the reversal of wrongful convictions" that have been achieved by the "gross and willful deprivation" of civil rights.  (*Id.*)  As detailed below, Szilagyi's requested relief is not cognizable in a civil rights action.

"A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither

prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Smith v. Friel*, Civ. A. No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties"); *Sanders v. Downs*, Civ. A. No. 08-1560, 2010 WL 817475 at *5 (M.D. Pa. Mar. 9, 2010) (dismissing plaintiff's claim that police defendants failed to adequately investigate thefts at his home, since "[t]here is no statutory or common law right, much less a constitutional right, to [such] an investigation") (quoting *Fuchs v. Mercer Cnty.*, 260 F. App'x 472, 475 (3d Cir. 2008) (alterations in the original); *Nedab v. Lencer*, Civ. A. No. 06-54, 2007 WL 853595 at *3 (W.D. Pa. Mar. 20, 2007) (plaintiff lacked standing to assert constitutional violation premised on state police officer's alleged failure to investigate and file criminal charges related to assault against plaintiff).

Szilagyi also seeks "the reversal of wrongful convictions" that have been achieved by the "gross and willful deprivation" of civil rights.  (ECF No. 1 at 5.)  To the extent that Szilagyi seeks the reversal of wrongful convictions of others, his claim is not plausible.  "Although an individual may represent herself or himself *pro se*, a non-attorney may not represent other parties in federal court."  *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018); *see also* 28 U.S.C. § 1654; *Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted)); *Osei-Afriyie ex rel.*

*Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (a *pro se* litigant who is not an attorney may not pursue claims on behalf of anyone other than himself).  In the event that Szilagyi asserts claims pertaining to his own conviction, his requested relief is not plausible for the reasons identified in the next section.

### B. Szilagyi's Claims for Wrongful Conviction Are Not Cognizable

To the extent that Szilagyi seeks damages based on his own conviction, his claim is not cognizable.  Pursuant to the favorable termination rule, "a harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under § 1983 unless that conviction or sentence was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  The United States Court of Appeals for the Third Circuit has interpreted *Heck* to mean that "a § 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings."  *Gilles v. Davis*, 427 F.3d 197, 208-09 (3d Cir. 2005).  Because Szilagyi's conviction and sentence have not been reversed, expunged, or otherwise invalidated, his damages claims are currently not cognizable under § 1983.  *See Curry v. Yachera*, 835 F.3d 373, 378-79 (3d Cir. 2016) (holding that plaintiff's failure to allege that his conviction was declared invalid warranted dismissal of his § 1983 claim); *see also Brown v. City of Phila.*, 339 F. App'x. 143, 145 (3d Cir. 2009) (noting that a § 1983 claim "based on an allegedly unconstitutional conviction or sentence does not accrue until the invalidation of that conviction or sentence.").

### C.     Any Claims for False Arrest Are Not Plausible

In his Complaint, Szilagyi avers that the Defendants secured DUI arrests by conducting "illegal traffic stops" and "illegal field sobriety testing."  (ECF No. 1 at 5-6.)  Liberally construed, it appears that Szilagyi may be alleging a Fourth Amendment claim for false arrest. To state a claim for false arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause.  *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995).  "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."  *Id.* at 483.  "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'"  *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020) (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)).

To the extent that Szilagyi asserts that he was falsely arrested and improperly charged as a result of an "illegal traffic stop" or "illegal field sobriety testing," he fails to discuss the circumstances surrounding his arrest to support a contention that probable cause was lacking for his arrest and prosecution.  *See, e.g.*, *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (per curiam) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested").  Accordingly, the Complaint, as written, is too vague and conclusory to state a plausible claim.

While Szilagyi has failed to state a plausible claim at this time, the Court is not prepared to find that Szilagyi cannot, if granted the opportunity, state a plausible claim for relief against

appropriate and relevant defendants.[2]  Accordingly, this claim will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Szilagyi will be granted leave to file an amended complaint within thirty (30) days if he wishes to proceed with this claim.[3]

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Szilagyi's Complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Szilagyi's claims seeking a "federal criminal investigation" or the reversal of convictions other than his own are dismissed with prejudice because amendment of those claims would be futile.  Szilagyi's claims challenging his own conviction are dismissed without prejudice as barred by *Heck v. Humphrey*,

---

[2] Szilagyi has sued ADA McClure in this matter.  Szilagyi should be mindful that prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  Absolute immunity extends to the decision to initiate a prosecution, *id.*, 424 U.S. at 431, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence. *Fogle v. Sokol*, No. 19-1066, 2020 WL 1921611, at *6 (3d Cir. Apr. 20, 2020).  Moreover, District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth.  *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009).

[3] Szilagyi should be mindful that Pennsylvania's two-year statute of limitations period applies to this type of § 1983 claims.  *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 80 (3d Cir. 1989).  The limitations period governing claims of false arrest without a warrant accrues at the time litigant became detained pursuant to legal process.  *See Wallace v. Kato*, 549 U.S. 384, 397 (2007) ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."); *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) ("A claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more.")  Given the conclusory allegations in the Complaint, this Court makes no determination as to whether any claim based on false arrest would be subject to dismissal as time barred.

512 U.S. 477 (1994).[4]  Any claim for false arrest will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Szilagyi will be granted leave to file an amended complaint within thirty (30) days if he wishes to proceed with this claim.  An appropriate Order follows.

**BY THE COURT:**

/s/ Cynthia M. Rufe

_____

**CYNTHIA M. RUFE, J.**

---

[4] The dismissal is without prejudice to Szilagyi filing a new case only in the event his underlying conviction is reversed, vacated, or otherwise invalidated.